IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STATE OF TEXAS, § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | Civil Action No. 1:16-cv-01026 |
| § | |
| SINGH HOME SERVICES, LLC d/b/a § | |
| SPARK HOME SERVICES § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff STATE OF TEXAS, acting by and through the Attorney General of Texas, KEN PAXTON, files this Complaint against SINGH HOME SERVICES, LLC d/b/a SPARK HOME SERVICES and for causes of action would respectfully show as follows:

### JURISDICTION AND VENUE

1. This action is brought by Attorney General Ken Paxton, through his Consumer Protection Division, in the name of the STATE OF TEXAS and in the public interest, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq*. (West 2015 & Supp. 2015) ("Texas No Call Act"), Chapter 302 of the Texas Business and Commerce Code (West 2011 and Supp. 2015), and the Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (West 2011 & Supp. 2015) ("DTPA").

2. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims

under the TCPA and the Telemarketing Act pursuant to 28 U.S.C. § 1331, and has pendant jurisdiction over the subject matter of the Texas No Call Act, DTPA and other state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue of this suit lies in the Western District of Texas, Austin Division, pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas as more specifically alleged below. Venue further lies in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim alleged herein occurred within the Western District of Texas.

## DEFENDANT

4.  Defendant Singh Home Services, LLC d/b/a Spark Home Services ("Spark Home Services") is a limited liability company organized under the laws of the State of Texas. Defendant may be served by serving its registered agent, Shashank Chauhan at 2608 Gull Lake Dr., Plano, TX 75025.

## ACTS OF AGENTS

5.  Whenever it is alleged in this petition that Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## TRADE AND COMMERCE

6.  The Defendant has, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by § 17.45(6) of the DTPA.

## PUBLIC INTEREST

7.  Plaintiff, STATE OF TEXAS, has reason to believe that Defendant has engaged in and continues to engage in a pattern or practice of initiating telephone calls to residents of the state of

Texas which violate the TCPA, the Telemarketing Act, and the Texas No Call Act. As further detailed below, these laws and related rules prohibit abusive and deceptive telemarketing acts or practices (including strictly limiting the use of automated telephone dialing systems to deliver prerecorded messages or "robocalls") and prohibit telemarketers and sellers from calling a telephone number that a consumer has chosen to register on the federal or state do-not-call lists (the "national do-not-call registry" and the "Texas no-call list" respectively). Plaintiff also has reason to believe that Defendant has caused and will continue to cause injury, loss and damage to the STATE OF TEXAS, and that the interests of the residents of Texas have been or are being threatened or adversely affected by Defendant's actions.

## NOTICE BEFORE SUIT

8. The Consumer Protection Division informed Defendant in general of the alleged unlawful conduct described below, at least seven days before filing suit, as may be required by § 17.47(a) of the DTPA.

## STATEMENT OF FACTS

9. Defendant Spark Home Services has initiated outbound telephone calls directed at Texas consumers to induce the purchase of Defendant's window washing and home maintenance services. As part of this telemarketing campaign, Defendant initiated calls to phone numbers which consumers had placed on the federal and/or state do-not-call lists. For example, since February of 2016, more than 100 Texas consumers, including consumers from Austin, Texas, have complained that Defendant has called them despite the fact that their telephone number is registered on the national do-not-call registry. Similarly, at least ten Texas consumers have complained to the Texas Public Utility Commission this year that Defendant has called them despite the fact that his or her telephone number is registered on the Texas no-call list.

10. Defendant's campaign also included placing "robocalls" to consumers. More specifically, Defendant utilizes an automated telephone dialing system which, upon answer, delivers a prerecorded message advertising Defendant's window washing and other home maintenance services. Defendant's robocalls are directed to the residential telephone lines of consumers throughout the state of Texas and Defendant does not have the prior consent of the call recipient to receive robocalls from Defendant.

11. Defendant has initiated the above described outbound telephone calls despite the fact that it has not registered as a telemarketer with the Texas Secretary of State and has not obtained a certificate of registration issued by the Secretary of State.

12. Moreover, Defendant is well aware of the various federal and state telemarketing laws aimed at protecting the privacy of Texas consumers but Defendant has willfully initiated calls to Texas consumers in complete disregard for such laws.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

13. Plaintiff realleges paragraphs one through twelve and incorporates them herein as if set forth here in full.

14. The TCPA, 47 U.S.C. § 227, *et seq.*, was enacted to, among other things, protect the privacy interests of residential and wireless telephone subscribers from invasive telemarketing practices, particularly the use of automated dialing equipment or prerecorded voices to make unsolicited telemarketing calls. The TCPA mandates that the Federal Communications Commission promulgate rules implementing the statute. Those regulations in relevant part provide that "[n]o person or entity ... may initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party ...." unless the call meets certain criteria not applicable in the present case. 47 C.F.R.

§ 64.1200(a)(3).

15. Defendant has violated 47 C.F.R. § 64.1200(a)(3) by initiating and/or causing to be initiated unsolicited telephone calls to Texas consumers' residential phone lines using an artificial or prerecorded voice.

16. The regulations promulgated by the FCC pursuant to the TCPA further provide that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry ...." 47 C.F.R. § 64.1200(c)(2).

17. The Defendant has violated 47 C.F.R. § 64.1200(c)(2) by making calls to residential telephone numbers that are registered on the national do-not-call registry.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT

18. Plaintiff realleges paragraphs one through seventeen and incorporates them herein as if set forth in full.

19. Congress passed the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101-6108 to prohibit abusive and deceptive telemarketing acts or practices. Subsequently, the Federal Trade Commission ("FTC") pursuant to Congressional mandate adopted the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310 and its amendments. Amendments to the TSR in 2003 included the creation of the national do-not-call registry. 68 Fed. Reg. 4580, 4669.

20. Defendant is a "seller" and/or "telemarketer" engaged in "telemarketing" and Defendant has initiated, or has caused to be initiated, "outbound telephone call[s]" to consumers to induce the purchase of goods or services, as those terms are defined in the TSR, 16 C.F.R. § 310.2.

*State of Texas vs. Singh Home Services, LLC d/b/a Spark Home Services*
Plaintiff's Original Complaint - Page 5 of 10

21. Among the practices prohibited by the TSR is initiating any outbound telephone call to a person when that person's telephone number is on the national do-not-call registry. 16 C.F.R. § 310.4(b)(1)(iii)(B).

22. The Defendant has violated the TSR by making telephone calls to persons in Texas whose numbers are registered on the national do-not-call registry.

23. The TSR also prohibits initiating a telephone call that delivers a prerecorded message to induce the purchase of any good or service unless the seller has obtained from the recipient of the call an express agreement, in writing, that evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller. 16 C.F.R. § 310.4(b)(1)(v)(A).

24. The Defendant has violated the TSR by initiating telephone calls in Texas, without the express agreement of the recipient of the call, that deliver a prerecorded message to induce the purchase of services.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS TELEMARKETING DISCLOSURE AND PRIVACY ACT

25. Plaintiff realleges paragraphs one through twenty-four and incorporates them herein as if set forth in full.

26. The Texas Telemarketing Disclosure and Privacy Act ("Texas No Call Act") makes it unlawful for a telemarketer to make a telemarketing call to a telephone number that has been published on the then-current Texas no-call list for more than 60 days. Tex. Bus. & Com. Code § 304.052. The Defendant has violated the Texas No Call Act by making telephone calls to telephone numbers that were included on the then-current Texas no-call list for longer than 60 days.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF CHAPTER 302 OF THE TEXAS BUSINESS AND COMMERCE CODE

27. Plaintiff realleges paragraphs one through twenty-six and incorporates them herein as if set forth in full.

28. Chapter 302 of the Texas Business of Commerce Code prohibits sellers from making telephone solicitations from a location in the State of Texas or to purchasers located in the State of Texas unless the seller holds a registration certificate issued by the Texas Secretary of State. Tex. Bus. & Com. Code § 302.101.

29. Defendant does not have a registration certificate and therefore has violated Chapter 302 by making thousands of telephone solicitations from a location in Texas and/or to purchasers in Texas without holding a registration certificate.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff realleges paragraphs one through twenty-nine and incorporates them herein as if set forth in full.

31. The DTPA prohibits any false, misleading or deceptive acts and practices in the conduct of any trade or commerce. Tex. Bus. & Com. Code § 17.46(a). Defendant, as alleged and detailed above, has violated Chapter 302 of the Tex. Bus. & Com. Code, and such actions are specifically defined to be deceptive trade practices actionable under the DTPA. Tex. Bus. & Com. Code § 302.303.

## PRAYER

32. By reason of the acts and practices described herein above, Defendant has violated and will continue to violate the federal and state laws set forth above unless this Honorable Court enjoins him from doing so.

33. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited according to law to appear and answer herein; that after due notice and hearing a temporary injunction be issued on the terms set forth below; and that upon final hearing, a permanent injunction be issued, restraining and enjoining Defendant, his officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendant, from violating the TCPA, the FCC regulations promulgated pursuant to the TCPA, the TSR, or the DTPA, including but not limited to:

    a. Placing any telephone call or causing any telephone call to be placed to any Texas telephone number that has been placed on the national do-not-call registry or the Texas no-call list;

    b. Placing any telephone call or causing any telephone call to be placed using any automated or prerecorded voice message without the prior express, written consent of the call recipient;

    c. Making any telephone solicitations from a location in Texas or to a person in Texas unless Defendant has a valid telephone solicitation registration certificate from the Texas Secretary of State as required by Tex. Bus. & Com Code § 302.101.

34. In addition, Plaintiff STATE OF TEXAS respectfully prays that this Court adjudge against Defendant civil penalties in favor of Plaintiff STATE OF TEXAS in the following amounts for violations of the TCPA:

    a. Five Hundred and No/100 Dollars ($500.00) for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200; and

    b. One Thousand Five Hundred and No/100 Dollars ($1,500.00) for each such violation that was committed knowingly or willfully.

35. Plaintiff STATE OF TEXAS further respectfully prays that this Court enjoin Defendant's telemarketing practices as alleged above, and Order the Defendant to pay damages, restitution, or other compensation on behalf of residents of Texas, or to Order such further and other relief as the court may deem appropriate for violations of the TSR.

36. Plaintiff further respectfully prays that this Court adjudge against Defendant civil penalties in the amount of:

   a. One Thousand and No/100 Dollars ($1,000.00) for each violation of the Texas No Call Act; and

   b. Three Thousand and No/100 Dollars ($3,000.00) for each violation of the Texas No Call Act that was committed knowingly or willfully;

   c. Five Thousand and No/100 Dollars ($5,000.00) for each violation of Chapter 302 of the Tex. Bus. & Com. Code; and

   d. Twenty Thousand and No/100 Dollars ($20,000.00) for each violation of the DTPA.

37. Plaintiff STATE OF TEXAS further prays that this Court order Defendant to pay all costs of Court, costs of investigation, and reasonable attorneys' fees pursuant to TEX. GOV'T CODE § 402.006(c).

38. The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT
Chief, Consumer Protection Division

*/s/ C. Brad Schuelke*
C. BRAD SCHUELKE
State Bar No. 24008000
IAN HOWE
State Bar No. 24087757
Assistant Attorneys General
CONSUMER PROTECTION DIVISION
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2185 (telephone)
(512) 473-8301 (facsimile)