IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>　　Plaintiff<br><br>vs.<br><br>SINGH HOME SERVICES, LLC d/b/a<br>SPARK HOME SERVICES;<br>and SHASHANK CHAUHAN,<br>Individually<br>　　Defendants | 1:16-cv-1026-RP |

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT

On this date, came on for hearing the above-entitled and numbered cause in which the STATE OF TEXAS (hereinafter "State"), acting by and through Attorney General of Texas, KEN PAXTON, is Plaintiff, and SINGH HOME SERVICES, LLC, and SHASHANK CHAUHAN, individually, are the Defendants. Plaintiff and Defendants agree to the entry of this STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT ("Order").

### I. FINDINGS

The Court, by stipulation of the Parties, makes the following findings:

1.　　The State filed its First Amended Complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. § 6103(a), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq.* (West 2015 & Supp. 2015) ("Texas No Call Act"), Chapter 302 of the Texas Business and Commerce Code (West 2011 and Supp. 2015), and the Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (West 2011 & Supp. 2015) ("DTPA");

2. The complaint states a claim upon which relief may be granted against Defendants;

3. The parties have compromised and settled the State's claim for civil penalties, investigative costs, attorneys' fees, and court costs;

4. The Office of the Attorney General and Defendants agree to and do not contest the entry of this Order. The Office of the Attorney General and Defendants enter into this Order freely and without coercion, and acknowledge that they understand the provisions of this Order and are prepared to abide by them;

5. This Court has jurisdiction over the subject matter of this case and over Defendants;

6. Venue in this district is proper under 28 U.S.C. § 1391(b) and 47 U.S.C. § 227(f)(4);

7. The person signing this Order on behalf of the Defendants is authorized to do so and has read the Order and agrees to entry of same on behalf of the Defendants;

8. Defendants waive any right that they may have to appeal from this Order;

9. Defendants agree that it will not oppose entry of this Order on the grounds that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objections;

10. This Order in no way affects and shall not be construed as affecting any individual's right of action; and

11. The Clerk is directed to enter this Order immediately.

## II. DEFINITIONS

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that as used in this Order, the following definitions shall apply:

1. "Effective Date" means the date on which this Order is signed by the Court;

2. "Established Business Relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity

Stipulated Order for Permanent Injunction and Monetary Judgment
*State of Texas v. Singh Home Services, LLC*

within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three (3) months immediately preceding the date of the call, which relationship has not been previously terminated by either party. If a subscriber requests not to receive telephone calls from the person or entity, such request terminates the established business relationship even if the subscriber continues to do business with the person or entity;

3. "Express Invitation or Permission" means consent which is affirmatively stated in direct terms, definitely and explicitly, and not left to inference or implication;

4. "Automatic Telephone Dialing System" means equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. The term specifically includes any equipment that has the current or future capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists;

5. "Lead Generator" means any person or entity that provides, in exchange for consideration, consumer information for use in the marketing of any

goods or services. Lead Generator specifically includes any third party that transfers a live telephone call to Defendants and any third party that sets any appointment that is fulfilled or attended by Defendants;

6. "Telemarketing Call" means an Unsolicited Telephone Call or message made for the purpose of (1) encouraging the purchase or rental of, or investment in, property, goods, or services, or (2) obtaining information that may be used to encourage the purchase or rental of, or investment in, property goods, or services. The term "telemarketing call" includes an Unsolicited Telephone Call made to encourage or induce the recipient to attend a face-to-face meeting or otherwise receive a future solicitation for the sale or rental of, or investment in, property, goods, or services;

7. "Texas No-Call List" means the database of telephone numbers of consumers in the State of Texas who registered with the Public Utility Commission of Texas (or its agent) pursuant to § 304.051 of the Texas No Call Act as requesting not to receive unsolicited telemarketing calls;

8. "Federal No-Call List" means the database of telephone numbers of persons who have registered with the Federal Trade Commission as requesting not to receive telemarketing calls;

9. "Unsolicited Telephone Call" means a telephone call that is transmitted to any person without that person's prior Express Invitation or Permission;

10. A "Texas Consumer" means any person whose telephone number includes a Texas Area Code;

11. "Texas Area Code" means any of the following area codes:

210
214
254
281
325
361
409
430
432
469
512
682
713
737
806
817
830
832
903

Stipulated Order for Permanent Injunction and Monetary Judgment
*State of Texas v. Singh Home Services, LLC*

Page 6 of 13

915

936

940

956

972

979.

## III. <u>INJUNCTIVE RELIEF</u>

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that, Defendants, and their agents, servants, employees and any other persons or entities in active concert or participation with Defendants, shall be permanently enjoined from:

1. Making, causing others to make, or assisting others in making any Telemarketing Call to a Texas Consumer until after such time that Defendants have purchased and downloaded the then-current Texas No-Call List;

2. Making, causing others to make, or assisting others in making any Telemarketing Call to a Texas Consumer until after such time that Defendants have purchased and downloaded the portion of the then-current Federal No-Call List which contains the Texas Area Code of such Texas Consumer;

3. Making, causing others to make, or assisting others in making any Telemarketing Call to any telephone number that has been published on the then-current Texas No-Call List more than sixty (60) days unless Defendants have an Established Business Relationship with the called person;

4. Making, causing others to make, or assisting others in making any Telemarketing Call to a Texas Consumer whose telephone number has been published on the then-current Federal No-Call List more than thirty-one (31) days unless Defendants have an Established Business Relationship with the called person;

5. Making, causing others to make, or assisting others in making any Telemarketing Call to a Texas Consumer that has expressed to Defendants or their agent, the person's desire not to receive Telemarketing Calls;

6. Using or allowing others to use an Automatic Telephone Dialing System or an artificial or prerecorded voice in connection with any Telemarketing Call made to the wireless telephone number of a Texas Consumer unless Defendants have such Texas Consumer's prior Express Invitation or Permission, in writing, to call such wireless number using an Automatic Telephone Dialing System or artificial or prerecorded voice;

7. Making, causing others to make, or assisting others in making any Telemarketing Call to a Texas Consumer using an artificial or prerecorded voice to deliver a message unless Defendants have such Texas Consumer's prior Express Invitation or Permission, in writing, to call such telephone number using an artificial or prerecorded voice;

8. Taking any steps to block or otherwise prevent the transmission of Defendants' true and correct identity and telephone number to any caller identification service or other device designed to identify a telephone caller;

9. Taking any steps to interfere with or circumvent the capability of a caller identification service or device to access or provide to the recipient of a Telemarketing Call any information regarding the call that the service or device is capable of providing; and

10. Misrepresenting, directly or indirectly, the entity that is making any telephone call to a Texas Consumer, including but not limited to using any false caller ID information or using any unregistered business name.

**IT IS FURTHER ORDERED** that, prior to making any Telemarketing Call to a Texas Consumer, hiring someone to make a Telemarketing Call to a Texas Consumer, or otherwise accepting any sales lead of a prospective customer in Texas, Defendants shall:

11. Adopt and implement detailed, written procedures ("Written Procedures") that are reasonably calculated to insure compliance with this Order and all telemarketing laws, including but not limited to the TCPA, the Telemarketing Act, and the Texas No Call Act;

12. Provide a copy of the Written Procedures and this Order to any current and future third party who initiates any Telemarketing Calls on Defendants' behalf and to any current and future Lead Generator used by Defendants, and require such person to comply with all relevant telemarketing laws, the Written Procedures, and this Order;

13. Provide a copy of the Written Procedures to the Texas Attorney General's Office by mailing same to the undersigned attorney;

14. Provide a copy of the Written Procedures to all current and future employees and agents of Defendants who conduct Telemarketing Calls in Texas or who have any supervisory capacity over any employee or agent who conducts Telemarketing Calls in Texas; and

15. Institute a training program for all employees and agents who conduct Telemarketing Calls in Texas in which employees and agents will receive instruction in customer relations, etiquette, and compliance with this Order, the Written Procedures, and all relevant telemarketing laws,

including but not limited to the TCPA, the Telemarketing Act, and the Texas No Call Act.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants, and their agents, servants, employees and any other persons or entities in active concert or participation with Defendants, shall be permanently enjoined from:

16. Representing, directly or by implication, that this Court or the Attorney General have approved any of Defendants' business practices; and

17. Forming, organizing, or reorganizing into any partnership, corporation, sole proprietorship or any other legal structures, for the purpose of doing business in the State of Texas to avoid compliance with the terms of this Order.

### IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that Defendants are ordered to pay to Plaintiff, the State of Texas, Eight Thousand and No/100 Dollars ($8,000.00) for its attorneys' fees and investigative costs. Such sum may be made in eight equal monthly installments, with the first installment due within 7 days of entry of this Judgment, and each subsequent payment due on the same date each month thereafter. Such payments shall be made by wire fund transfer or as otherwise agreed to by the parties.

### V. GENERAL ITEMS

Stipulated Order for Permanent Injunction and Monetary Judgment
*State of Texas v. Singh Home Services, LLC*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs shall be assessed against the party incurring same.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not expressly granted herein is hereby denied.

SIGNED this 31st day of August, 2017.

_____
Presiding Judge

**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

**Approved as to Form and Substance and Entry Requested:**

| For Plaintiff: | For Defendants: |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | *[signature]*<br>SHASHANK CHAUHAN<br>Managing Member,<br>SINGH HOME SERVICES, LLC |
| JEFFREY C. MATEER<br>First Assistant Attorney General | |
| BRANTLEY STARR<br>Deputy First Assistant Attorney General | *[signature]*<br>SHASHANK CHAUHAN<br>Individually |
| JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation | |
| PAUL L. SINGER<br>Chief, Consumer Protection Division | |
| *[signature]*<br>C. BRAD SCHUELKE<br>State Bar No. 24008000<br>IAN HOWE<br>State Bar No. 24087757<br>Assistant Attorneys General<br>Consumer Protection Division<br>P. O. Box 12548<br>Austin, Texas 78711<br>(512) 463-1269<br>FAX (512) 473-8301<br>**ATTORNEYS FOR PLAINTIFF** | *[signature]*<br>TROY L. VOELKER<br>State Bar No. 20598400<br>McNery & Voelker, P.C.<br>~~106 S. Harris Street, Ste 120~~ 500 Round Rock Ave, Suite 2<br>Round Rock, Texas 78664<br>(512) 255-6940<br>FAX (512) 255-6975<br>**ATTORNEY FOR DEFENDANTS** |